1

2

3

4

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7

8

9

10

11

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL DAVIS BRYANT,

    Defendant.

NO. CR-03-0245-RHW

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER OR IN THE ALTERNATIVE FOR A MOTION IN LIMINE**

12

13      Before the Court is Defendant's Motion to Reconsider Court's Denial of the

14 Motion to Suppress or in the Alternative for a Motion in Limine (Ct. Rec. 81). A

15 pretrial conference was held on June 14, 2005, in Spokane, Washington. The

16 Defendant was present and represented by defense counsel George Trejo, Jr.; the

17 Government was represented by United States Attorney James McDevitt. At the

18 hearing, the Defendant agreed to proceed on the brief. Mr. McDevitt indicated that the

19 Government wished to stand on the record and proceed to trial as scheduled.

20      The Court finds that there were sufficient facts to support the issuance of a

21 warrant for the Defendant's arrest based on probation violations. At the time of his

22 arrest, the Defendant was under community supervision as part of his sentence for drug

23 offense convictions in Spokane County, Cause Nos. 01-1-00225-3, 01-1-00017-0 and

24 01-1-02308-1 (Exs. 1-3). The conditions of the Defendant's probation required that he

25 report any changes of address and report to his probation officer. Evidence presented at

26 the hearing demonstrated that he had failed to do so. Accordingly, the warrant for the

27 Defendant's arrest was properly issued.

28      Furthermore, the Court finds that reconsideration of its findings regarding the

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER OR IN THE ALTERNATIVE FOR A MOTION IN LIMINE** * 1

1   search of the vehicle is not warranted.  The facts and law supporting the Court's

2   findings are adequately discussed in the Court's previous order.

3          In the alternative, the Defendant moves for a motion in limine to bar the

4   Government from arguing that the Defendant was in joint control of the Fisk residence

5   bedroom.  In the previous Order denying the motion to suppress, the Court held that

6   under the Defendant's proffered version of events, he would not have had standing to

7   contest the search, but even if he had standing to contest the search, the search was

8   proper (Ct. Rec. 20 at 9).  The Court finds that the question of whether the Defendant

9   was in joint control over the bedroom at the Fiske residence is a question to be

10  submitted to the jury.  *See, e.g., United States v. Streit*, 962 F.2d 894, 899 (9th Cir.

11  1992) (possession is element of crime determined by jury).

12         Accordingly, **IT IS HEREBY ORDERED** that**:**

13         1.     Defendant's Motion to Reconsider Court's Denial of the Motion to

14  Suppress or in the Alternative for a Motion in Limine (Ct. Rec. 81) is **DENIED**.

15         **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

16  this order and to furnish copies to counsel.

17         **DATED** this 20th day of June, 2005.

18

19

20                          s/ ROBERT H. WHALEY
                            United States District Judge

21

22

23

24

25

26  Q:\CRIMINAL\2003\Bryant\Bryant.deny.recon.wpd

27

28

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER OR IN THE
ALTERNATIVE FOR A MOTION IN LIMINE** * 2