1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8  UNITED STATES OF AMERICA,

9      Plaintiff,

NO. CR-03-245-RHW

10     v.

**ORDER DENYING MOTION FOR NEW TRIAL**

11  MICHAEL DAVIS BRYANT,

12     Defendant.

13

14

15  **BACKGROUND**

16      On July 7, 2005, a jury found Defendant guilty of being a felon in

17  possession of a firearm.  After closing arguments, Defendant moved for a mistrial,

18  based on the closing argument made by the Government's counsel Jill Bolton.  The

19  Court denied the motion. On July 14, 2005, Defendant filed a motion for a new

20  trial, based on prosecutorial misconduct and discovery violations.

21  **DEFENDANT'S ALLEGATIONS**

22      Defendant asserts that the Government's comments to the jury during

23  rebuttal closing played exclusively to the passions of the jury when it argued to not

24  let them be fooled by Mr. Bryant, and also attempted to shift the burden to the

25  Defendant.  Defendant objected to the Government's comments at trial, and the

26  Court instructed the jury to disregard the Government's comments regarding the

27  burden of proof.  Nevertheless, Defendant argues that the collective effect of the

28  misconduct warrants a new trial because the arguments were collectively so

ORDER DENYING MOTION FOR NEW TRIAL ~ 1

1  prejudicial that they affected the jury's ability to judge the evidence fairly.  As a

2  result of the Government's comments, they were overly concerned about being

3  fooled by the Defendant.

4      Defendant also argues that the Government failed to disclose all expert

5  opinions and foundations well in advance of trial.

6                              **DISCUSSION**

7  **A.  Whether Closing Arguments were Improper**

8      The Court should grant a new trial for prosecutorial misconduct only where,

9  considered in the context of the entire trial, the prosecutor's conduct seems likely to

10 have affected the jury's discharge of its duty to judge the evidence fairly. *United*

11 *States v. Simtob*, 901 F.2d 799, 806 (9th Cir.1990).  In determining whether

12 Defendant was prejudiced, the Court inquires into the substance of a curative

13 instruction and the importance of the testimony in question to the prosecutor's case.

14 *Id.*  The prosecution is allowed to argue reasonable inferences, based on the

15 evidence.  *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991).  Every

16 slight excess of a prosecutor does not require that a verdict be overturned and a

17 new trial be ordered.   *United States v. Yarborough*, 852 F.2d 1522, 1539 (9th Cir.

18 1988).

19     In his motion, Defendant asserts that there were two instances of

20 prosecutorial misconduct that occurred during the Government's rebuttal

21 argument.  The first was when the Government asked the jury, "What felon is

22 going to admit openly that they have a firearm in their possession?"  Defendant

23 immediately objected, and the Court gave the following curative instruction: "The

24 defendant has an absolute right not to testify and not to admit anything, and that

25 argument will be disregarded."  The Government went on to explain to the Court

26 and to the jury that it was referring to the letters, and the fact that Defendant was

27 smart enough to make sure that he did not say anything in the letters regarding gun

28 ownership, and was smart enough to not keep the gun at his residence so Probation

ORDER DENYING MOTION FOR NEW TRIAL ~ 2

1  could find it, instead, storing it at 811 S. Fiske.

2  The second incident is related to three separate statements to the jury, in

3  which the Government admonished them to "don't be fooled." The Government

4  stated, "[h]e **wants you to be fooled**. He doesn't want you to connect the dots." It

5  stated that "[n]obody is here to testify that he had the gun on his person. That is

6  absolutely true. **But don't be fooled**. You have the evidence . . . . You can use

7  your common sense about what you know about people . . . and the evidence . . .

8  that connects them together and connects him to that underwear that he used to

9  wrap around the gun. **Don't be fooled**." Defendant did not object to these

10  statements during the closing arguments, but did object after the jury was excused

11  to begin deliberations. The Court denied his motion for mistrial.

12  In his closing argument, Defendant pointed out the lack of direct evidence of

13  gun possession—no one testified that they saw Defendant with a gun, none of the

14  letters indicated that Defendant had a gun, no fingerprints were taken around the

15  lock of the car. The Government argues that it was responding to Defendant's

16  argument that there was no evidence, to argue that the jury should not be fooled

17  into thinking there was no evidence; on the contrary, there was circumstantial

18  evidence that would link Defendant to the gun and would prove that Defendant

19  possessed the gun. The Government argues that it was an "invited response."

20  The Court has reviewed its notes of the trial and the context of the

21  arguments of counsel, as well as the instructions to the jury concerning arguments

22  of counsel. The arguments of Government counsel were responsive to arguments

23  of the defense and were not prejudicial. To the extent counsel's argument could be

24  considered as a comment on the Defendant's silence, it was cured by immediate

25  instruction.

26  **B.      Discovery Violations**

27  Defendant sets forth the law regarding *Brady* materials and argues that the

28  Government violated *Brady* and the Court's discovery order. Defendant does not

ORDER DENYING MOTION FOR NEW TRIAL ~ 3

1 specify exactly what the violations are.  It is assumed that Defendant is referring to

2 the expert witnesses that were used in the trial.

3 　　　Under *Brady*, the Government has a duty to produce evidence that is

4 material to Defendant's guilt or punishment.  *Brady v. Maryland*, 373 U.S. 83, 87

5 (1963).  It is not clear that the disclosure of the experts in this instance would fall

6 under *Brady*. It appears that the argument is properly made under Fed. R. Crim. P.

7 16(a)(G), which states that the Government must give the Defendant a written

8 summary of any expert testimony that the Government intends to use in its case-in-

9 chief.  The summary must describe the witness's opinions, the bases and reasons

10 for those opinions, and the witness's qualifications.  Fed. R. Crim. P. 16(a)(G).  As

11 a remedy for a Rule 16 violation, the Court could prohibit the party from

12 introducing the undisclosed evidence.  Fed. R. Crim. P. 16(c)(2).

13 　　　In his motion, Defendant does not identify which expert's report was

14 lacking, or how he was prejudiced by the non-disclosure or inadequate disclosure.

15 There were two experts who testified—the underwear expert and the fingerprint

16 expert.  In its response, the Government assumes that Defendant is objecting to the

17 Government's disclosure of the fingerprint expert.

18 　　　The Government asserts that it has fully complied with the Rule 16

19 requirements, with its June 21, 2005 written correspondence and the June 24, 2005

20 trial memorandum.  The Government also argues that Defendant has failed to

21 demonstrate that he suffered any prejudice.  The Court agrees with the Government

22 on the second point.

23 　　　On June 21, 2005 (trial was started on July 5, 2005), the Government

24 notified Defendant that Mr. Coppock would testify regarding the prints found on

25 the glass, which matched known prints of Defendant, and he would testify that

26 characteristics of firearms make the recovery of latent prints difficult and that it is

27 not unusual for no identifiable prints to be found on the firearms.  The Government

28 also provided the curriculum vitae for Mr. Coppock.  Clearly, that notice does not

ORDER DENYING MOTION FOR NEW TRIAL ~ 4

1  provide the bases and reasons for those opinions.  The Court in the past has

2  prohibited Government counsel from calling  an expert because of failure to

3  provide the reasons and bases for opinions.  However, in this case, the

4  predictability of the reasons and bases of the opinions in light of the open file

5  discovery provided by the Government, leads the Court to conclude that the failure

6  to provide bases and reasons was not prejudicial.

7         The Government also called a witness from the manufacturer of men's

8  underwear. The Defendant was notified of the testimony. The majority of the

9  testimony was not expert testimony, but was merely identification of the manner in

10  which the manufacturer packaged its products.  The jury was left to infer the

11  significance of the testimony.  The disclosure was sufficient and again the Court

12  finds no prejudice.

13         For the foregoing reasons the Motion for New Trial is Denied.

14         **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15  Order and forward copies to counsel.

16         **DATED** this 10th day of August 2005.

17

18
                       s/ ROBERT H. WHALEY
19                CHIEF UNITED STATES DISTRICT JUDGE

20

21
Q:\CRIMINAL\2003\Bryant\Deny new trial.wpd
22

23

24

25

26

27

28

ORDER DENYING MOTION FOR NEW TRIAL ~ 5