UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL D. BRYANT,<br><br>    Defendant. | NO.  CR-03-245-RHW<br>        CV-08-005-RHW<br><br>**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL** |

Before the Court are Defendant's Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 179); Defendant's Motion for New Trial Pursuant to F.R. Crim. P. Rule 33 on Account of the Government Knowing Use of Perjured Testimony (Ct. Rec. 183); and Defendant's Motion in Traverse to Government's Answer to Petitioner's 2255 Motion (Ct. Rec. 199).

On July 7, 2005, Defendant was convicted by a jury on the charge of Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). Defendant was sentenced on November 4, 2005, to a 260 month term of imprisonment; a 3 year term of supervised release; and a $100 special penalty assessment.  The Court concluded that Defendant qualified as an Armed Career Criminal.  Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals.  The Circuit upheld this Court's finding that the probation officer had reasonable suspicion to believe that Defendant was not living at the address he provided and this Court's determination that Defendant's state riot offense was a "violent felony" for purposes of sentencing enhancement under 18 U.S.C. § 924(e)(1).

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL ~ 1**

On January 7, 2008, Defendant filed his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, and on May 16, 2008, filed his Motion for New Trial Pursuant to F.R. Crim. P. Rule 33 on Account of the Government Knowing Use of Perjured Testimony. On March 28, 2008, the Court ordered the Government to respond to Defendant's § 2255 motion (Ct. Rec. 182).

**1.  Defendant's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255**

The basis for Defendant's § 2255 Motion is ineffective assistance of counsel. Specifically, Defendant argues that his counsel's performance was deficient in the following manner:

1. Failing to challenge the fruits of the initial warrantless search of the vehicle trunk and residence;
2. Failing to challenge the material misrepresentation and omissions contained in the warrant affidavit;
3. Failing to establish Defendant's standing in the residence;
4. Failing to object to the district court's use of two prior Washington State drug convictions which were used to sentence Defendant under the Armed Career Criminal enhancement;
5. Failing to permit Defendant to testify;
6. Failing to move for the disclosure of the identity of the confidential informant; and
7. Failing to file a writ of certiorari after being requested to do so.

**A.  Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack.

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL** ~ 2

**B.     Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). To satisfy *Strickland's* first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance." *Id.* at 690. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. Strickland's* second prong thus "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The Court starts from the presumption that Defendant's counsel is "competent to provide the guiding hand that the defendant needs." *United States v. Cronic*, 466 U.S. 648, 658 (1984); *see also Soppahthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004), *quoting Strickland*, 466 U.S. at 690 ("A court must scrutinize counsel's performance deferentially: '[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"). Moreover, Defense counsel has wide latitude in deciding how best to represent a client. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The reasonableness of counsel's chosen trial strategy depends critically "on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland*, 466 U.S. at 691.

**C.     Analysis**

The Court finds that Defendant's arguments that his counsel's performance was ineffective is without merit.

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL ~ 3**

### i. Failure to challenge the fruits of the initial warrantless search of the vehicle trunk and residence

Defendant asserts that his counsel's performance was deficient for not moving to suppress the fruits of the Oldsmobile vehicle trunk search and the 811 South Fiske residential search. Defendant's counsel did so move, and was successful on challenging the search warrant affidavit. The fact that Defendant's counsel was ultimately unsuccessful on suppressing the evidence does not mean his counsel's performance was deficient. Moreover, the fact that Defendant disagreed with counsel's trial strategy in presenting the arguments is not a basis for a Sixth Amendment claim.

### ii. Challenge to Search Warrant Affidavit

Defendant asserts that his counsel was ineffective when he failed to assert that certain statements in the warrant affidavit were false and misleading. Although Defendant's counsel did successfully challenge the search warrant affidavit, even if he erred in not challenging certain statements, Defendant cannot show that the outcome of the proceedings would have been different. The Court did not rely on the affidavit to deny the motion to suppress because it found that Defendant did not have standing to challenge the search of the residence, found that Defendant's brother gave law enforcement valid consent to search the vehicle, and found that the automobile exception to the warrant requirement made the search of the trunk lawful.

### iii. Failure to Establish Standing

Defendant asserts that his counsel was ineffective because he failed to establish Defendant's standing to challenge the search of the residence. Here, Defendant is not asserting that his counsel failed to argue that he had standing; rather, his argument is that his counsel failed to convince the Court that Defendant had standing to challenge the search, which is not a proper basis for a Sixth Amendment ineffective assistance of counsel claim. Moreover, even if his counsel could have convinced the Court that Defendant had standing, the outcome of the proceedings would not have been different, given that the Court ruled that the search was valid based on Defendant's probationary

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL** ~ 4

status and warrant obtained by the officers.

### iv. Failure to Object to the Use of the Two Prior Washington State Drug Convictions

Defendant asserts that his counsel was ineffective because he failed to object to the use of two previous Washington State drug offenses to enhance his sentence under the Armed Career Criminal Act. Defendant's claim fails because his counsel did, in fact, object to the enhancement in a sentencing brief, a supplemental sentencing brief, and during oral argument at sentencing.

### v. Failing to Call Defendant to Testify At Trial

Defendant argues that his counsel was ineffective when he failed to call him to testify at trial.

"[A] defendant in a criminal case has the right to take the witness stand and testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 51 (1987); *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993). The right is personal, and "may only be relinquished by the defendant, and the defendant's relinquishment of the right must be knowing and intentional." *Joelson*, 7 F.3d at 177. "[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." *Id*. A defendant who wants to reject his attorney's advice and take the stand may do so "by insisting on testifying, speaking to the court, or discharging his lawyer." *Id.* When a defendant remains "silent in the face of his attorney's decision not to call him as a witness," he waives the right to testify. *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir.1993). The Court has no duty to advise the defendant of her right to testify, nor is the court required to ensure that an on-the-record wavier has occurred. *Id.*

Defendant cannot show that his counsel's advice to not take the stand violated the Sixth Amendment. Defendant indicates that his counsel advised him not to testify because of his previous conviction of a firearm offense. Under these circumstances, not calling Defendant as a witness was based on professional judgment and was part of the

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL ~ 5**

trial strategy. It was not evidence of a deficient performance.

Additionally, there is nothing in the record to indicate that Defendant ever indicated to the Court during the trial that he wished to testify, and the Court finds that Defendant waived his right to testify.

### vi. Failure to Move to Disclose Confidential Informant's Name

Defendant asserts that his counsel was ineffective for failing to move for the disclosure of the identity of the confidential informant. The basis for Defendant's argument is that the informants would have been able to testify that the officers manufactured probable cause to search the trunk of the vehicle and the residence.

Here, Defendant cannot meet the second prong of the *Strickland* analysis, namely, that the outcome of the proceedings would have been different had his counsel moved for the disclosure, because Defendant could not have met his burden of showing that the informant was a percipient witness to the criminal transactions underlying his conviction. *See Rovario v. United States*, 353 U.S. 53, 62 (1957); *United States v. Williams*, 898 F.2d 1400, 1401 (9th Cir. 1990).

### vii. Failure to File a Petition for Writ of Certiorari

Defendant argues that he was denied effective assistance of counsel because his counsel failed to file a petition for writ of certiorari. This claim fails because Defendant does not have a constitutional right to be represented by counsel to seek a discretionary review from the United States Supreme Court.

The Fifth Amendment due process clause governs the right to counsel for appellant proceedings. *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974). The due process clause does not guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United Supreme Court. *Id.* at 617-78. Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *Wainright v. Torna*, 445 U.S. 586, 587-88 (1982).

### D. Conclusion

Defendant has failed to show that his counsel's performance meets the *Strickland*

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL ~ 6**

requirements to establish that his Sixth Amendment rights were violated. As such, his § 2255 motion, which is based solely on claims of ineffective assistance of counsel, must be denied.

**2.     Defendant's Motion for New Trial Pursuant to F.R. Crim.P. Rule 33 on Account of the Government Knowing Use of Perjured Testimony**

Defendant seeks a new trial on account of the Government's failure to correct false representations that were presented at the suppression hearing.

The Court finds that the motion is time-barred.

Fed. R. Crim. Pro.33 provides:

> (a) Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . .
> (b)(1) Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict, or finding of guilty. . .
> (c)(2) Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

The basis for Defendant's motion is not based on newly discovered evidence. Therefore, Rule 33(c)(2) applies. Defendant failed to make this motion within 7 days after the verdict or finding of guilty. Thus, it is untimely.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 179) is **DENIED**.

2. Defendant's Motion for New Trial Pursuant to F.R. Crim. P. Rule 33 on Account of the Government Knowing Use of Perjured Testimony (Ct. Rec. 183) is **DENIED**.

3. Defendant's Motion in Traverse to Government's Answer to Petitioner's 2255 Motion (Ct. Rec. 199) is **DENIED**.

///
///
///
///

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL** ~ 7

1 | **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish a copy to counsel and Defendant.

**DATED** this 18th day of November, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2003\Bryant\2255.wpd

**ORDER DENYING DEFENDANT'S 2255 MOTION AND DENYING MOTION FOR NEW TRIAL** ~ 8