UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL D. BRYANT,<br><br>　　Defendant. | NO.　CR-03-245-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECEIVE JAIL TIME CUSTODY CREDIT** |

Before the Court is Defendant's Motion to Receive Jail Time Custody Credit (Ct. Rec. 206) and Defendant's Objections to the Magistrate Report and Recommendation (Ct. Rec. 208).

On November 18, 2008, the Court entered an Order Denying Defendant's 2255 Motion and Denying Motion for New Trial (Ct. Rec. 202). On December 8, 2008, Defendant filed a document entitled "Petitioners Objections to Proposed Findings and Recommendations of United States Magistrate Judge's Report." The Court construed this as a motion and denied the motion on December 16, 2008 (Ct. Rec. 205). On January 27, 2009, Defendant once again filed Objections to the Magistrate Report and Recommendations (Ct. Rec. 208). As stated in its previous order, the Magistrate did not file a Report and Recommendation in this case.

In his Motion to Receive Jail Time Custody Credit, Defendant asks the Court to amend the judgment to grant jail time custody credits toward his federal sentence pursuant to 18 U.S.C. § 3585(b). Defendant states that he is not bringing his motion pursuant to 28 U.S.C. § 2241, but does not set forth the basis for this Court to hear the

motion, except to ask the Court to grant jail time custody credits towards his federal sentence pursuant to 18 U.S.C. § 3585(b). Defendant asserts that it will be futile to address these issues through an administrative proceeding.

Contrary to Defendant's assertions, the Court does not have authority to grant credits under section 3585(b). *See United States v. Wilson*, 503 U.S. 329, 332-36 (1992); *United States v. Checchini*, 967 F.2d 348, 348 (9th Cir. 1992).[1] Moreover, Defendant indicates that he was taken into state custody on August 12, 2003, for violating his state parole, was not brought into federal custody until March 30, 2004, and was sentenced on November 14, 2005, to a period of incarceration of 260 months. Defendant's incarceration following his parole revocation was punishment for his earlier state crimes, not for possession a firearm in violation of federal law. *See United States v. Brown*, 59 F.3d 102, 104 (9th Cir. 1995).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Receive Jail Time Custody Credit (Ct. Rec. 206) is **DENIED**.

2. Defendant's Objections to Proposed Findings and Recommendations of United States Magistrate Judge's Report (Ct. Rec. 208) is **DENIED**.

///
///
///

---

[1] In this case, it does not appear that Defendant has filed any administrative remedies related to his claim for credit for time served. The computation of a prisoner's length of confinement must first be brought in an administrative proceeding. *See Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984). After Defendant has pursued and exhausted his administrative remedies, he can challenge the decision through a motion under 28 U.S.C. § 2241. A petition for relief under 28 U.S.C. § 2241, by the terms of the statute, must be filed in the District where the prisoner is confined.

**ORDER DENYING DEFENDANT'S MOTION TO RECEIVE JAIL TIME CUSTODY CREDIT ~ 2**

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter
2  this order and to furnish a copy to Defendant.
3  **DATED** this 9th day of April, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2003\Bryant\order.wpd

**ORDER DENYING DEFENDANT'S MOTION TO RECEIVE JAIL TIME CUSTODY CREDIT** ~ 3