FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DAVIS BRYANT,<br><br>Defendant. | No:  2:03-CR-00245-RHW-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**<br><br>**(ECF No. 220)** |

Before the Court is Michael Davis Bryant's Motion to Reduce Sentence. ECF No. 220. The government opposes motions for compassionate release as a general matter, but does not specifically oppose Mr. Bryant's motion. ECF No. 224, at 3. After reviewing Mr. Bryant's motion, attachments, and the government response, the Court is fully informed and hereby grants the motion.

## BACKGROUND AND RELEVANT FACTS

On November 4, 2005, following a conviction by a jury, the Court sentenced Defendant on a single count of Felon in Possession of a Firearm, in violation of 18

**ORDER GRANTING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 1**

U.S.C. § 922(g) and 924(e)(1). ECF No. 139. Defendant faced a sentence between 15 years and life in prison; his Guidelines range was 262-327 months. PSIR ¶¶ 251-52. By the time the Court imposed sentence, the Guidelines were advisory; *United States v. Booker*, 543 U.S. 220 (2005), had been decided. Accordingly, the Court had discretion to sentence Defendant to any reasonable sentence between 180 months and life. The Court imposed 260 months, to be followed by three years of Supervised Release. ECF No. 139. Defendant is currently housed at USP Pollock, in Louisiana, and his projected release date is May 26, 2024, per the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

While in Bureau of Prisons (BOP) custody, in 2012 or 2013, Mr. Bryant was diagnosed with Ankylosing Spondylitis (AS), an inflammatory disease that causes vertebrae to fuse, resulting in a debilitating pain and can be potentially crippling. ECF No. 220-1 ¶ 3; *see* Mayo Clinic, *Ankylosing spondylitis, Symptoms & causes*, https://mayocl.in/2CYCOQ2. In 2014, he was prescribed Humira to treat his AS and told he should exercise to prevent the negative effects of the disease. ECF No. 220-1 ¶ 4. Humira is an immunosuppressant, meaning it lowers the ability of the immune system to combat illness, including the Coronavirus Disease (Covid-19), which is currently spreading rampant across the U.S. and the globe. ECF No. 220-1 ¶¶ 10–11; *see* https://www.cdc.gov/coronavirus/2019-ncov/cdcresponse/about-COVID-

**ORDER GRANTING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 2**

19.html[1]. Therefore, Mr. Bryant has been forced to choose between treating his AS with Humira and discontinuing Humira to reduce his risk to Covid-19. He has chosen the latter.[2] In addition, Mr. Bryant is incarcerated at United States Penitentiary Pollock (USP Pollock) in Louisiana, a Care Level 1 facility. Due to his AS, Mr. Bryant requires Care Level 2. Fed. Bureau of Prisons, Care Level Classification for Medical and Mental Health Conditions or Disabilities (May 2019), https://bit.ly/3fXuzST, at 1–2 (explaining four levels of care with 1 being the lowest and 4 being the highest); ECF No. 220-4. Per the BOP guidance, an inmate is eligible to request a transfer if his care level rises to 3 or 4. *Id.*

Mr. Bryant's mother, age 68, suffers from dementia and could use Mr. Bryant's assistance in the home. *See* ECF No. 220-1 ¶¶ 13, 17, 24.

Mr. Bryant has served 80% of his sentence, over 16 years. PSR at 1.

## LEGAL STANDARD

**A. Compassionate Release**

To qualify for a compassionate release, Mr. Bryant must show: (1) his motion is ripe, (2) "extraordinary and compelling reasons warrant" a sentence reduction, and

---

[1] The Court takes judicial notice of the Center of Disease Control and Prevention's (CDC) website regarding Covid-19. *See* Fed. R. Evid. 201.
[2] The BOP has also informed Mr. Bryant that he is pre-diabetic, which also makes him a high-risk individual should he contract Covid-19. ECF No. 220-1 ¶ 7; https://www.cdc.gov/coronavirus/2019-ncov/cdcresponse/about-COVID-19.html ("Some groups, including older adults and people who have certain underlying medical conditions, are at increased risk of severe illness.").

ORDER GRANTING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 3

(3) he is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. With such a showing, the district court may reduce the term of imprisonment after considering the § 3553(a) factors.

## DISCUSSION

### A. The Motion is Ripe

A court may grant a defendant's motion for a sentence reduction after the defendant has exhausted all BOP administrative appeals *or* "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Thirty days have passed since Mr. Bryant applied to BOP for compassionate release on June 23, 2020. ECF Nos. 220-10, 220-11.

### B. Extraordinary and Compelling Circumstances Exist

Mr. Bryant's disease uniquely compromises him in the face of the Covid-19 pandemic. As he has stated, he has stopped taking Humira and is experiencing severe pain as a result. ECF No. 220-1 ¶ 13. If he were released to home confinement, he could continue with his Humira treatment to treat his AS.

Courts have recognized that inmates are at a high risk of contracting Covid-19. *See United States v. Pullen*, 2020 WL 4049899, at *7 (D. Kan. July 20, 2020) ("The circumstances in FCI Pollock are self-evidently hazardous.") *Basank v. Decker*, 2020 WL 1481503, at *5 (S.D.N.Y. Mar. 26, 2020) ("The risk of contracting COVID-19 in tightly-confined spaces, especially jails, is now

**ORDER GRANTING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 4**

exceedingly obvious."). As the government recognizes, Mr. Bryant suffers from significant risks from incarceration at USP Pollock due to being immunocompromised. ECF No. 224 at 9–10. Under § 3553(a)(2)(D), the sentencing court must consider the need for the sentence imposed "to provide the defendant with needed educational or vocational training, *medical care*, or other correctional treatment in the most effective manner." (Emphasis added). In Mr. Bryant's case, it would be most effective to have him released where he can better treat his AS. The record also demonstrates that USP Pollock does not provide Care Level 2, which Mr. Bryant needs to treat his disease. Lastly, Mr. Bryant would be able to exercise more if he were released from BOP custody.

Next, Mr. Bryant has served over 16 years for his unlawful possession conviction, and he has served over 80% of his sentence. At the time Mr. Bryant was sentenced he was considered an armed career criminal. PSR ¶ 46. Mr. Bryant argues that under new sentencing rules, if he were sentenced now, his prior state convictions would not have triggered the armed career criminal penalties. ECF No. 220 at 12. Specifically, Mr. Bryant contends that three of his four prior convictions would not be classified as felonies because the potential punishment did not exceed one year. *Id.* at 12 & n.52 (citing *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019)). The government does not dispute this contention. *See* ECF no. 124. Under today's rules, Mr. Bryant's sentencing range would be 100–125 months. ECF

**ORDER GRANTING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 5**

No. 220 at 13. Under 18 U.S.C. § 3553(a)(6), granting Mr. Bryant release promotes the sentencing goal of "avoid[ing] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

For these reasons, the Court finds that granting Mr. Bryant release to home confinement is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

**C. Mr. Bryant does not pose a danger to the community.**

Mr. Bryant's underlying convictions are three drug dealing offenses and one conviction for riot under Revised Code of Washington (RCW) 9A.84.010F. PSR ¶¶ 29–32. His current offense is for unlawful possession of a firearm, but he did not use the firearm in a violent manner or otherwise commit violent crimes.

For the reasons stated, Mr. Bryant's motion is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, **ECF No. 220**, is **GRANTED**. The BOP is directed to release Mr. Bryant **14 days from the entry of this order** to allow the U.S. Probation Office time to complete a prerelease investigation and verify Mr. Bryant has a suitable residence upon release. The Court reserves the right to stay or amend this order subject to the findings of the U.S. Probation Office. Mr. Bryant shall return to his proposed release address in Spokane and self-quarantine for 14 days. The

period of 3 years of supervised release will commence at the time of Mr. Bryant's release from BOP custody.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel, U.S. Marshal and U.S. Probation.

**DATED** this November 12, 2020.

<u>s/ Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S<br>
MOTION TO REDUCE SENTENCE ~ 7**